Porter, J.
This action was commenced against the Louisiana Bank, to recover the amount of four of their notes of $ 100 each. The defence set up was, that they were forged. The cause was submitted to a jury, and they found a verdict for the defendants. The court gave judgement in pursuance thereof, and the plaintiff has appealed.
Four bills of exception were taken on the *701 trial of the cause, and the questions arising on them are now submitted without argument.
East'n District
Feb. 1822.
A witness may be examined whether the engraving of a note is similar to those which are avowedly genuine.
By the second bill of exceptions it appears, that the plaintiff offered a witness to prove, that the bank had given in payment a note for $ 100, similar in every respect to those on which this suit was instituted. And that they afterwards declared said note was forged. The court rejected this testimony.
The plaintiff also offered to prove, that the president and cashier of the bank, when called before a justice of the peace, were unable to distinguish their avowed and genuine notes, from one which they had given in payment to a third person. The court refused to let this testimony go to the jury, and that refusal forms the ground of the third bill of exceptions.
The extent to which circumstances not immediately connected with the matter under investigation, may be reached in evidence to strengthen the testimony which the parties offer directly on the point at issue, is so well and clearly explained in a note to the last edition of Phillip's Evid. 134, (edit. 1820) that I shall transcribe it here, as expressing very fully my own ideas on this subject—“ Direct *702 evidence is not to be required or expected; nor is it requisite that the circumstantial evidence should have a direct relation to the immediate subject of inquiry. Much less, that the inference drawn from the circumstances proved, should be absolutely certain or necessary. It is sufficient if the evidence be such as to produce a fair and reasonable presumption of the facts at issue, and if it has that tendency, it ought to be received, and left to the consideration of the jury, to whom alone it belongs to determine upon the precise force and effect of the circumstances proved.”
Applying this rule to the case before the court, I do not see how the fact, that the bank received and paid out a note, which was not genuine, could raise a fair and reasonable presumption, that the notes on which this suit is brought, were put in circulation by them. It would have proved they might have done so; but that is too remote a presumption.
The third bill of exceptions, which relates to the difficulty in which the cashier and president found themselves, to distinguish whether their signatures to a certain note of $ 100, were forged or not, is easily disposed of; for, according to the statement sent up, it does *703 not appear to have been even alleged that this note was similar to those on which this action was instituted.
The opinion of the judge, that a note neither proved to have the signature of the president or cashier, or acknowledged by them, could not he laid before the experts, is clearly correct. So also is that which admitted a witness to give testimony concerning the engraving.
I think the judgment of the court below should be affirmed with costs.
Martin, J.
I cannot entertain any doubt of the correctness of the decision of the district judge, refusing to suffer a note not proven or admitted to have been signed by the defendant's agents, to be used on a trial of comparison.
The judge was perfectly correct in rejecting evidence, that the defendant’s agents had paid notes, which the witness offered, considered as perfectly similar to the one sued on.
It follows, that he was likewise correct in the opinion excepted to, in the third bill.
Evidence of the engraving was proper to go to the jury, although it is certainly not conclusive.
The plaintiff in propriâ personâ, Moreau for the defendants.
I think the judgment ought to be affirmed.